In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-199 CV


____________________



IN RE: THE COMMITMENT OF ADOLPH MARTINEZ








On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 01-04-02245-CV






OPINION


 The State filed a petition seeking to involuntarily civilly commit appellant Adolph
Martinez as a sexually violent predator. See Tex. Health & Safety Code Ann. §§
841.001-841.147 (Vernon Supp. 2003). A jury found Martinez suffers from a behavioral
abnormality that makes him likely to engage in a predatory act of sexual violence. The
trial court entered a final judgment and order of civil commitment. Martinez raises six
issues on appeal. 

 In his first issue, Martinez challenges the Act as being unconstitutional because it
is punitive in nature. We have previously rejected this challenge to the statute; in two
prior cases we concluded the statute is civil, not punitive. See Beasley v. Molett, No. 09-01-078 CV, 2002 Tex. App. LEXIS 8967, at *35-39 (Tex. App.--Beaumont Dec. 19,
2002, no pet. h.); In re Commitment of Boyd Mullens, No. 09-01-534 CV, 2002 Tex. App.
LEXIS 8962, at *2-5 (Tex. App.--Beaumont Dec. 19, 2002, no pet. h.). Appellant
presents no arguments not addressed in Beasley and Mullins. Issue one is overruled. 

 Martinez next claims the Act is punitive as applied to him, because he says he does
not have the mental ability to understand or comply with the order of commitment. His
issue presupposes a violation of a specific condition of the commitment order. The record
reveals no violation. When an issue depends on contingent or hypothetical facts, or upon
events that have not occurred, the issue is not ripe for review. See Patterson v. Planned
Parenthood of Houston and Southeast Texas, Inc., 971 S.W.2d 439, 443 (Tex. 1998). 
Issue two is overruled.

 In issue three, Martinez claims his due process rights were violated because the trial
court made him stand trial while he was incompetent. Specifically, Martinez claims the
evidence shows he could not assist his attorneys in preparation for the trial, and he did not
have an understanding of the proceedings against him. He asks a rhetorical question --
"Does due process apply to SVP proceedings?" -- and maintains that such due process
safeguards as assistance of counsel, the right to appear at trial and put on evidence, and
the right to confront witnesses must be afforded under the Act. Chapter 841 affords a
person those safeguards. See Tex. Health & Safety Code Ann. §§ 841.005, 841.061
(Vernon Supp. 2003). Martinez claims that, even if due process is afforded him by the
Act, he could not exercise his rights because he was mentally incompetent to stand trial. 

 The State's expert, Dr. Clayton, testified that although Martinez tested at below
average intelligence with an IQ between sixty and seventy, he actually functions
"streetwise" higher than a 70 IQ and "legally meets criteria for being mentally competent
. . . ." Dr. Braly, another State's witness, testified Martinez's functioning IQ level is 78
to 80, a "low, borderline intellectual functioning" score, but also expressly stated he does
not believe Martinez is retarded. Braly was not asked and gave no opinion regarding
Martinez's competency. Dr. Branaham, appellant's expert, testified Martinez's IQ is
between 69 and 79, and his reading comprehension level is below that of a second grader. 
Branaham also testified Martinez is able to understand right from wrong. Branaham
further stated he did not specifically address the issue of competency to stand trial in his
evaluation of Martinez, but he also stated he did not find Martinez incompetent to stand
trial. None of the three experts found Martinez to be incompetent. 

 The testimony of Dr. Reid, submitted by appellant in support of his incompetency
claim, was excluded by the trial court because of appellant's failure to timely designate the
witness. Appellant does not challenge the trial court's exclusion of that testimony on that
basis. Martinez testified at trial. At one point he agreed with his attorney that during his
deposition he had indicated he did not really understand the questions; but he provided no
testimony that he could not communicate with or assist his attorney. 

 Furthermore, Chapter 841 is a civil, not a criminal or quasi-criminal, statute. See
Beasley, 2002 Tex. App. LEXIS 8967, at *35-39; see also generally Kansas v. Hendricks,
521 U.S. 346, 361-65, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). In enacting Chapter
841, the legislature found that the existing involuntary commitment provisions are
inadequate to address the risk sexually violent predators pose to society; accordingly, the
legislature crafted a supervision and treatment program specifically for sexually violent
predators. See Tex. Health & Safety Code Ann. § 841.001 (Vernon Supp. 2003). Chapter 841 reaches prisoners, juveniles, persons pleading guilty and receiving
deferred adjudication, persons found not guilty by reason of insanity, and persons
convicted of prior sexually violent offenses. See Tex. Health & Safety Code Ann. §
841.003(b) (Vernon Supp. 2003). The Act affords these persons with an array of
protections, including counsel, experts, a jury trial, a beyond reasonable doubt burden of
proof imposed on the State, and biennial reviews. See Tex. Health & Safety Code
Ann. §§ 841.005, 841.006, 841.023(a), 841.061, 841.062, 841.101, 841.102, 841.144,
841.145, 841.146 (Vernon Supp. 2003). As stated in Hendricks, "[U]nder the appropriate
circumstances and when accompanied by proper procedures, incapacitation may be a
legitimate end of the civil law." Hendricks, 521 U.S. at 365-66. Involuntary civil
commitment does not itself trigger the entire range of criminal protections. See Allen v.
Illinois, 478 U.S. 364, 372, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986) (Illinois's sexually
dangerous person act is civil in nature and, as such, the application of the full panoply of
rights in criminal trials is not required.). The fact that Chapter 841 affords many of the
procedural safeguards usually found in criminal trials does not transform the proceeding
into a criminal or quasi-criminal proceeding. See Allen, 478 U.S. at 372. Due process
does not require a separate competency hearing in a civil commitment proceeding under
Chapter 841. We conclude appellant's due process rights were adequately protected. 

 In issue four, Martinez argues there is no evidence in the record that he has serious
difficulty controlling his behavior. The nearest proof, he says, is the testimony that he
would have difficulty controlling his urges. And this evidence, he says, does not come
close to satisfying the beyond a reasonable doubt standard. We address appellant's claim
as a legal sufficiency point. In Mullens, because of the "beyond a reasonable doubt"
burden of proof, we adopted -- for sexually violent predator civil commitment cases -- the
appellate standard of review in criminal cases for legal sufficiency of the evidence. See
Mullens, 2002 Tex. App. LEXIS 8962, at *6. We review all of the evidence in a light
most favorable to the verdict, and we look to see if a rational factfinder could have found,
beyond a reasonable doubt, the elements required for commitment under the statute. Id.;
see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
 The United States Supreme Court in Kansas v. Crane, 534 U.S. 407, 413, 122
S.Ct. 867, 151 L.Ed.2d 856 (2002), stated that before a person can be civilly committed
as a sexually violent predator, there must be "proof of serious difficulty in controlling
behavior." See also Mullens, 2002 Tex. App. LEXIS 8962, at *5-6. Here, the State
presented evidence, through the testimony of Dr. Clayton, a psychiatrist, and Dr. Braly,
a psychologist, that Martinez suffers from a behavioral abnormality that makes him likely
to reoffend. Both witnesses reviewed the records on Martinez and testified he will have
difficulty controlling his urges. In addition, they both diagnosed Martinez as a pedophile. 
In Crane, the Supreme Court noted that Kansas v. Hendricks, a 1997 SVP case out of
Kansas, involved an individual suffering from pedophilia, "a mental abnormality that
critically involves what a lay person might describe as a lack of control. DSM-IV 571-572
(listing as a diagnostic criterion for pedophilia that an individual have acted on, or been
affected by, 'sexual urges' toward children)." Crane, 534 U.S. 407, 414, 122 S.Ct. 867,
151 L.Ed.2d 856 (2002); Kansas v. Hendricks, 521 U.S. 346, 360, 117 S.Ct. 2072, 138
L.Ed.2d 501 (1997). Also in evidence were Martinez's three prior convictions for
offenses against children--two sexual assaults and one indecency with a child offense. 
Appellant presented expert evidence disputing the testimony of the State's expert witnesses. 
The jury was free to determine which testimony was credible. See Jones v. Tarrant Util.
Co., 638 S.W.2d 862, 866 (Tex. 1988). The jury's verdict is supported by legally
sufficient evidence. Issue four is overruled.

 Martinez contends in issue five that his Fifth Amendment privilege against self-incrimination was violated, because the trial court's order of commitment required him to
submit to polygraph examinations. We rejected this argument in Beasley. See Beasley,
2002 Tex. App. LEXIS 8967, at *43-45. (Chapter 841 and the order of commitment do
not by their provisions attach a penalty for invoking the Fifth Amendment privilege; the
privilege is not self-executing and must be asserted.). Issue five is overruled. 


 Martinez's final issue complains that the trial court's "Final Judgment and Order
of Commitment," based on Tex. Health & Safety Code Ann. § 841.082(a)(1)(4)(5)(9)
(Vernon Supp. 2003), is unconstitutionally vague. We rejected this constitutional
challenge to those subsections in Mullens. See Mullens, 2002 Tex. App. LEXIS 8962,
*14-16. We reach the same result here and find the challenged statute and the judgment
and order of commitment are not impermissibly vague. Issue six is overruled. 

 The trial court's judgment is affirmed.

 AFFIRMED.

 PER CURIAM



Submitted on January 21, 2003

Opinion Delivered January 30, 2003


Before McKeithen, CJ, Burgess and Gaultney, JJ.